UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil No. |
| | ) | |
| v. | ) | |
| | ) | Hon. |
| HERITAGE CUSTOM KITCHENS, INC., | ) | |
| MICHAEL MAZZARA, and JOSEPH | ) | |
| MAZZARA | ) | |
| *Defendants*. | ) | |

## COMPLAINT

The United States of America, with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action pursuant to 26 U.S.C. §§ 7401 and 7402 to enjoin Defendants Heritage Custom Kitchens, Inc., Michael Mazzara, and Joseph Mazzara from continuing to pay wages to employees without paying the associated payroll taxes and to obtain a money judgment against defendant Heritage Custom Kitchens, Inc. for its unpaid tax liabilities. Specifically, the United States complains and alleges as follows:

### Jurisdiction and Parties

1. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1331, 1340, and 1345 as well as 26 U.S.C. § 7402.

2. Venue is proper under 28 U.S.C. §§ 1391(b) and 1396.

3. Defendant Heritage Custom Kitchens, Inc. ("Company") is a construction company specializing in installing kitchen counters in residential properties. The Company is located at 14293 23 Mile Rd., Shelby Charter Township, Michigan 48315, which is within the jurisdiction of the Court.

4. Defendant Michael Mazzara, an owner of the Company, resides at 53151 Alyssa Court, Shelby Charter Township, Michigan 48315, which is within the jurisdiction of the Court.

5. Defendant Joseph Mazzara, an owner of the Company, resides at 53412 Hunter Crossings Drive, Shelby Charter Township, Michigan 48315, which is within the jurisdiction of the Court.

## Count I – Injunction

6. At all times relevant to this action, the Company has had employees and, as an employer, has been subject to the payroll tax obligations imposed by the Internal Revenue Code, including the duties to:

   a. Withhold, account for, and pay over the employee portion of the tax imposed upon wages by the Federal Insurance Contributions Act ("FICA") from each employee's paycheck at a frequency required by the Internal Revenue Code and regulations;

    b.    Withhold, account for, and pay over an estimated amount of income tax for each employee from each paycheck at a frequency required by the Internal Revenue Code and regulations;

    c.    Pay the employer portion of the tax imposed upon employee wages by the FICA at a frequency required by the Internal Revenue Code and regulations; and

    d.    Submit Form 941 (Employer's Quarterly Federal Tax Return) and Form 940 (Employer's Annual Federal Unemployment (FUTA) Tax Return) to the United States, along with any withheld employee income taxes, withheld employee FICA taxes, employer FICA taxes, and FUTA taxes not already deposited on or before the legal due date. (The FICA, FUTA, and withholding income taxes collectively are referred to as "payroll taxes.")

7.    For various tax periods from 2010 to the present date, the Company has failed to comply with its federal payroll tax obligations as established by the Internal Revenue Code and has been engaging in an activity known as "pyramiding" by which a business withholds taxes from its employees, but intentionally fails to remit them to the IRS as mandated by law.  Such activity has been and continues to be a drain on the United States Treasury.

8. As of March 7, 2016, for various tax periods from 2010 to the third quarter of 2015, the Company owed payroll tax liabilities totaling approximately $612,759.10, plus such additional amounts as may continue to accrue as provided by law.

9. Since 2011, the IRS has been attempting to bring the Company into compliance with its payroll tax obligations and to collect past due payroll taxes from the Company and its owners. Its efforts have included the following:

    a. Speaking with the Company's owners – Defendants Michael Mazzara and Joseph Mazzara – as well as the Company's power-of-attorney about the Company's payroll tax obligations on numerous occasions;

    b. Reaching an installment agreement with the Company, which the Company failed to comply with;

    c. Recording Notices of Federal Tax Liens against the Company between 2011 to 2014;

    d. Levying on the Company's bank accounts and accounts receivables;

    e. Assessing trust fund recovery penalties, under 26 U.S.C. § 6672, against Defendants Michael and Joseph Mazzara, making them

       personally liable for the trust fund portion of the Company's unpaid payroll taxes;

    f.    Hand delivering to Defendant Michael Mazzara Form Letter 903 at the IRS's office in Clinton Township, Michigan on May 22, 2014, which placed the Company and its owners on notice that if the Company continued to fail to comply with its payroll tax obligations, the IRS might pursue a suit for civil injunction;

    g.    Reiterating at a meeting with Defendant Michael Mazzara on October 28, 2014 the IRS's intent to pursue an injunctive suit against the Company and its owners if the Company continued its failure of making federal tax deposits.

10.    Despite these efforts to collect payroll taxes owed by the Company, none of the steps that the IRS has undertaken to date has prompted the Company to comply – on a prospective basis – with its payroll tax obligations.

11.    The Company continues to disregard its obligations by failing to file tax returns and to pay taxes due for the recent tax periods:

    a.    The Company has not filed quarterly employment tax returns (Form 941) for the recent quarterly tax periods ending on June 30,

      September 30, December 31, 2014 and on March 31, June 30, September 30, December 31, 2015;

   b. The Company has not filed annual employer's federal unemployment tax returns (Form 940) since tax year 2013.

   c. The Company has failed to make any voluntary deposits for its payroll taxes since March 25, 2014.

12. The Company continues to incur liabilities with each passing quarter at a rate of approximately $25,000 per quarter and has not demonstrated a willingness or ability to comply with its obligations under the Internal Revenue Code. And there is no evidence that the Company will take the necessary efforts to return to compliance.

13. The Company's failure to pay over its employees' withholding tax also causes the government to suffer additional cash outlays. The IRS relies on employers to accurately report wages, withhold federal taxes from those wages, and pay over the withheld taxes to the IRS along with the employer's own FICA taxes. If an employer collects and accounts for withholding tax for an employee, the government credits the employee for that withholding even if the employer fails to pay it over to the government. Therefore, even though the government never receives the withheld taxes

from the Company, it nonetheless may have to issue refunds to employees who overpaid by withholding and suffer additional cash outlays.

14. The Defendants' pyramiding undermines the traditional administrative tools available to the United States for collecting delinquent payroll taxes. For example, the IRS has only collected $49,998.41 from numerous levies on banks and accounts receivable, leaving $$612,759.10 of the Company's total unpaid balance as of March 7, 2016. The company has no substantial assets from which the IRS may collect the remaining unpaid payroll taxes.

15. Under 26 U.S.C. § 7402(a), the federal district courts have broad authority to issue injunctions and other orders necessary or appropriate to enforce provisions of the Internal Revenue Code. An injunction against the Defendants by this Court to comply with the employment tax provisions of the Internal Revenue Code is necessary and appropriate to the enforcement of the internal revenue laws for several reasons, including the following:

   a. The injunction will ensure the collection of payroll taxes and the implementation of the Internal Revenue Code's payroll tax withholding regime;

   b. Traditional IRS collection methods have not convinced and will not convince the Company and its owners to stop pyramiding payroll tax

liabilities. Repeated administrative enforcement actions have been unsuccessful in satisfying the unpaid tax debts and in bringing the Company into compliance, leaving injunction as the government's only effective remedy.

    c.    Without an injunction, the Defendants are almost certain to continue their future violations.

16.    The United States is alternatively entitled to injunctive relief under the traditional equitable standard because:

    a.    The government has a strong likelihood of success on the merits by proving the Company's repeated past non-compliance of its payroll tax obligations, its high likelihood of future violations, and the IRS's fruitless efforts to collect the Company's unpaid taxes;

    b.    Without an injunction, the government will continue to suffer the harm of payroll tax revenue losses at approximately $25,000 per quarter on a prospective basis as well as possibly additional cash outlays; such harm is irreparable because the Company does not have any substantial assets from which the government may collect any future taxes.

    c.     An injunction will not harm the Company as it will merely be required to comply with its payroll tax obligations as required by law and to conduct its financial affairs like every other tax-paying business in the United States.

    d.     An injunction will protect the public's interest in fair competition by halting the Defendants' unfair practices and effectively leveling the playing field.

### Count II – Reducing Unpaid Tax Liabilities to Judgment

17. For the tax periods set forth in the table below, a delegate of the Secretary of the Treasury made the following assessments against the Company, for its failure to pay federal employment (Form 941) and unemployment (Form 941) taxes, as well as penalties and interest, in the following amounts, which have balances due after accounting for all costs, fees, accruals, payments, credits, and abatements as of March 7, 2016:

| Tax Form | Tax Period | Assessed Tax/Penalty | Total FTP | Total Interest | Balance as of March 7, 2016 |
|---|---|---|---|---|---|
| 941 | 2010/12 | -$4,329.38 | $5,411.25 | $4,795.97 | $5,877.84 |
| 940 | 2010/12 | $1,519.87 | $311.23 | $278.30 | $2,109.40 |
| 941 | 2011/03 | $3,120.80 | $415.29 | $508.82 | $4,044.91 |
| 941 | 2011/06 | $26,964.75 | $5,599.14 | $4,264.94 | $36,828.83 |
| 941 | 2011/09 | $967.67 | $9.86 | $128.12 | $1,105.65 |
| 941 | 2011/12 | $12,976.71 | $2,074.45 | $1,845.24 | $16,896.40 |
| 940 | 2011/12 | $8,573.70 | $1,504.68 | $1,101.61 | $11,179.99 |
| 941 | 2012/03 | $17,482.36 | $3,785.39 | $2,316.59 | $23,584.34 |
| 941 | 2012/06 | $12,024.27 | $2,441.64 | $1,455.18 | $15,921.09 |
| 941 | 2012/09 | $15,284.10 | $3,192.79 | $1,718.89 | $20,195.78 |
| 941 | 2012/12 | $23,545.02 | $4,545.94 | $2,395.62 | $30,486.58 |
| 940 | 2012/12 | $35,479.35 | $5,157.41 | $3,131.40 | $43,768.16 |
| 941 | 2013/03 | $26,835.58 | $5,472.16 | $2,506.42 | $34,814.16 |
| 941 | 2013/06 | $29,383.58 | $5,342.47 | $2,413.45 | $37,139.50 |
| 941 | 2013/09 | $25,232.50 | $5,087.20 | $1,872.79 | $32,192.49 |
| 941 | 2013/12 | $20,650.88 | $3,824.62 | $1,358.55 | $25,834.05 |
| 940 | 2013/12 | $8,302.59 | $153.27 | $490.62 | $8,946.48 |
| 941 | 2014/03 | $17,975.82 | $3,154.33 | $1,042.92 | $22,173.07 |
| 941 | 2014/06 | $33,178.68 | $3,376.26 | $1,565.85 | $38,120.79 |
| 941 | 2014/09 | $31,763.92 | $2,595.50 | $1,074.68 | $35,434.10 |
| 941 | 2014/12 | $31,417.86 | $2,787.07 | $1,024.25 | $35,229.18 |
| 940 | 2014/12 | $20,610.73 | $1,743.66 | $666.20 | $23,020.59 |
| 941 | 2015/03 | $35,728.32 | $1,688.08 | $859.67 | $38,276.07 |
| 941 | 2015/06 | $35,271.07 | $1,064.79 | $594.48 | $36,930.34 |
| 941 | 2015/09 | $31,677.41 | $665.49 | $306.41 | $32,649.31 |
| **Total** | | $501,638.16 | $71,403.97 | $39,716.97 | $612,759.10 |

18. A delegate of the Secretary of the Treasury gave notice of the unpaid taxes described in paragraph 17 above, to the Company, and made demands for payment upon the same.

19. Despite notice and demand, however, the Company has failed, neglected, or refused to fully pay the liabilities described in paragraph 17 above, and as a result, the Company remains indebted to the United States, after application of all costs, fees, accruals, abatements, payments and credits, in the amount of $612,759.10, plus statutory additions including interest that continue to accrue from and after March 7, 2016.

   **WHEREFORE**, United States of America prays that the Court

A.  enjoin Defendants Heritage Custom Kitchens, Inc., Michael Mazzara, and Joseph Mazzara from continuing to pyramid the Company's payroll taxes by:

   1) ordering the Defendants to deposit in an appropriate federal depository bank, in accord with federal deposit regulations, withheld employee income taxes, withheld employee FICA taxes, employer FICA taxes, and FUTA taxes, all as required by the Internal Revenue Code;

   2) ordering the Defendants to cause affidavits to be signed and delivered to a revenue officer or to some other person or location designated by the IRS, on

the first day of each month, verifying that the requisite deposits of payroll taxes have been made in a timely manner;

3) ordering the Defendants to timely file all quarterly employment (Form 941) and annual unemployment (Form 940) tax returns coming due after the date of the injunction;

4) ordering the Defendants to timely pay all required outstanding liabilities due on each return required to be filed herein;

5) enjoining the Defendants from assigning and/or transferring money or property of the Company to any other entity to have that entity pay the salaries or wages of their employees; and

6) enjoining the Defendants from assigning and/or transferring money or property of the Company after the injunction is issued unless the payroll taxes due after the date of the injunction are first paid to the IRS;

7) requiring Defendants Michael Mazzara and Joseph Mazzara to notify a revenue officer or some other person or location designated by the IRS, in writing, within 30 days, in the event that they operate, manage, or acquire an ownership interest in any other business entity within five years of the final resolution of this case.

B. enter judgment in favor of United States and against Defendant Heritage Custom Kitchens Inc., in the amount of $612,759.10, plus statutory additions, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), that continues to accrue from and after March 7, 2016;

C. enter judgment that the United States has valid and subsisting liens under 26 U.S.C. § 6321 upon all property and rights to property belonging to Defendant Heritage Custom Kitchens Inc.

<div style="margin-left:50%">

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Pingping Zhang*
PINGPING ZHANG
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 305-2165
Facsimile: (202) 514-5238
E-mail: Pingping.Zhang@usdoj.gov

</div>

LOCAL COUNSEL:
BARBARA L. MCQUADE

United States Attorney
PETER A. CAPLAN
Assistant U.S. Attorney

211 W. Fort Street, Ste. 2001
Detroit, MI 48226
(313) 226-9784
P30643
peter.caplan@usdoj.gov


Date: April 6, 2016.